UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LEE VANDAGRIFF,<br><br>  Plaintiff,<br><br>    v.<br><br>RICK M. HILL, Warden,<br><br>  Defendant. | No. 2:22-cv-0603 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Allegations

Although he claims his Eighth and Fourteenth Amendment rights were violated, plaintiff alleges he is bringing a "complaint for negligence by custody" concerning the COVID-19 pandemic that caused plaintiff to contract the virus by such negligence. (ECF No. 1 at 3.) Folsom State Prison ("FSP") is not honoring the 137.5% Capacity population cap imposed in the Plata/Coleman class action of which he is a member. And, FSP-custody was negligent in not detecting FSP-medical's incompetence for not testing vaccinated persons for COVID-19. Finally, CDCR/FSP has a constitutional duty to protect plaintiff from the deadly virus, but did not do so. As injury, plaintiff alleges that CDCR/defendant deliberately infected plaintiff with COVID-19

and failed to protect plaintiff from contracting COVID-19.  Plaintiff names only Warden Hill as a defendant and seeks money damages.

Discussion

First, in the body of his complaint, plaintiff referred to the CDCR and CDCR/FSP as a defendant.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the CDCR and FSP are frivolous and must be dismissed.

Second, plaintiff includes no specific charging allegations as to defendant Warden Hill.  To the extent plaintiff is attempting to sue Warden Hill based solely upon his supervisory role, plaintiff may not do so.  As set forth above, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676-77.  Plaintiff also refers to FSP-Custody, but names no individual who works in custody at Folsom State Prison as a defendant herein.

Third, plaintiff cannot state a cognizable civil rights claim based on negligence.  The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833.  To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  Farmer, 511 U.S. at 834.  "Mere negligence is not sufficient to establish liability."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.  To prove knowledge of the risk, the prisoner

may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842.

COVID-19 does pose a substantial risk of serious harm.  See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.).  That said, in order to state a cognizable Eighth Amendment claim, plaintiff must provide more than generalized allegations that the defendants have not done enough regarding overcrowding or prison movement or housing assignment to control the spread.  See Booth v. Newsom, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see Blackwell v. Covello, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); Benitez v. Sierra Conservation Ctr., Warden, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID.  Plaintiff alleges that there is no way to socially distance, among other conditions.); Sanford v. Eaton, 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation adopted in part, rejected in part, 2022 WL 168530 (E.D. Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  In light of his allegations based on negligence, it is unclear plaintiff can amend his complaint to state a cognizable civil rights claim.  In an abundance of caution, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

1  each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no
2  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
3  defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633
4  F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official
5  participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266,
6  268 (9th Cir. 1982). Plaintiff must list each individual named as a defendant both in the caption
7  of his amended complaint, as well as in the defendant section of his amended complaint.

8       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading. This requirement exists
11 because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez
12 v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint
13 supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation
14 omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any
15 function in the case. Therefore, in an amended complaint, as in an original complaint, each claim
16 and the involvement of each defendant must be sufficiently alleged.

17      In accordance with the above, IT IS HEREBY ORDERED that:
18      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
19      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
20 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
21 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
22 Director of the California Department of Corrections and Rehabilitation filed concurrently
23 herewith.
24      3. Plaintiff's complaint is dismissed.
25      4. Within thirty days from the date of this order, plaintiff shall complete the attached
26 Notice of Amendment and submit the following documents to the court:
27           a. The completed Notice of Amendment; and
28           b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated:  May 17, 2022

/vand0603.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LEE VANDAGRIFF,<br><br>  Plaintiff,<br><br>  v.<br><br>RICK M. HILL, Warden,<br><br>  Defendant. | No. 2:22-cv-0603 KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____       Amended Complaint
DATED:

_____
Plaintiff