UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LEE VANDAGRIFF, | No. 2:22-cv-0603 DAD KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK M. HILL, Warden, | |
| Defendant. | |

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint is before the court.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To prevail on a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged

constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Allegations

Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated when defendant Hill, Warden of Folsom State Prison, failed to set aside and oversee quarantine space as ordered by his superiors, to minimize and isolate COVID-19 outbreaks within Folsom State Prison. (ECF No. 14.)  Plaintiff alleges Hill was deliberately indifferent to the dangers of the deadly virus by failing to set aside quarantine space, which caused the negligent infecting of plaintiff.  Such deliberate indifference forced Hill's subordinates to scramble during a COVID-19 outbreak in housing unit 5, only then designated as the quarantine space, and they failed to empty out housing unit 5 where the outbreak occurred.  By negligently not setting aside quarantine space as ordered, defendant caused a catastrophic spreading of the COVID-19 outbreak, when his subordinates were left without ordered medical oversight to the forced moves to clear housing unit 5 as quarantine, and negligently moved prisoners who had contracted COVID-19 into other uninfected areas of the facility which caused plaintiff to contract COVID-19.  Plaintiff seeks money damages. (ECF No. 14.)

Discussion

First, plaintiff fails to state a cognizable civil rights claim because his allegations confirm that quarantine space had been designated:  housing unit 5 was initially designated as quarantine space.

Second, plaintiff again alleges that defendant "negligently" failed to set aside quarantine space. (ECF No. 14 at 3.)  But as plaintiff was previously informed, he cannot state a cognizable

3

civil rights claim based on negligence. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, plaintiff acknowledges that housing unit 5 was designated as a quarantine unit. Such allegation demonstrates that defendant Hill acted reasonably in the face of COVID-19.

As was previously explained, COVID-19 does pose a substantial risk of serious harm. See Plata v. Newsom, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). That said, in order to state a cognizable Eighth Amendment claim, plaintiff must provide more than generalized allegations that the defendants have not done enough to control the spread. See Booth v. Newsom, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see Blackwell v. Covello, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); Benitez v. Sierra Conservation Ctr., Warden, 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID); Sanford v. Eaton, 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation adopted in part, rejected in part, 2022 WL 168530 (E.D. Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, plaintiff must provide more than generalized

allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.)

The pertinent question in determining whether plaintiff states a claim is whether defendant's actions demonstrated "deliberate indifference" to that risk of harm. The key inquiry is not whether defendant perfectly responded, complied with every CDC guideline, or whether his efforts ultimately averted the risk; instead, the key inquiry is whether he "responded reasonably to the risk." See Stevens v. Carr, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); accord Benitez, 2021 WL 4077960 at *5 (same); Sanford, 2021 WL 3021447, at *8 (same).

Here, plaintiff's allegations confirm that quarantine space was set aside. Thereafter, it appears someone housed in the quarantine space contracted COVID-19. But plaintiff raises no allegations demonstrating that defendant Hill was personally involved after such infection. Rather, plaintiff again appears to contend that defendant Hill did not do enough to prevent such infection. But, as stated above, an inadequate response does not demonstrate defendant Hill's deliberate indifference. Plaintiff's allegations fail to demonstrate that defendant Hill "disregarded a known risk or failed to take any steps to address the risk." Wilson v. Williams, 961 F.3d 829, 843 (6th Cir. 2020); Sanford, 2021 WL 3021447 at *8 (failure to state a claim where defendants were trying alternatives to manage the situation); Benitez, 2021 WL 4077960 at *5 (same).

Plaintiff has been provided an opportunity to amend his pleading, and despite being informed that negligence is insufficient to state a cognizable civil rights claim, plaintiff again pled allegations based on negligence against Warden Hill. It appears that plaintiff is unable to allege specific facts demonstrating defendant Hill was deliberately indifferent to an excessive risk of harm to inmate safety. Thus, granting plaintiff further leave to amend would be futile. The undersigned recommends that this action be dismissed without further leave to amend.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 26, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vand0603.56